IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**TYRONE ALPHONZO WILSON,**

    Petitioner,

v.                                             CIVIL ACTION NO. 2:15cv408
                                             CRIMINAL ACTION NO. 2:11cr180

**UNITED STATES OF AMERICA,**

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is a Motion submitted pursuant to Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Petition") filed by Tyrone Alphonzo Wilson ("Petitioner"). Having thoroughly reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Petition is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 6, 2013, a federal grand jury returned a Third Superseding Indictment charging Petitioner with a total of three counts. ECF No. 210.

On October 4, 2013, Petitioner pled guilty to Count One, Conspiracy to Distribute and Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). ECF No. 302.

On February 26, 2014, Petitioner was sentenced to 121 months imprisonment for Count One. ECF No. 380. The remaining counts of the Third Superseding Indictment were dismissed at sentencing upon a motion by the United States. ECF No. 379.

On March 6, 2014, Petitioner filed a Notice of Appeal. ECF No. 382. On August 28, 2014, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed Petitioner's appeal because he waived his right to appeal in his plea agreement with the Government. ECF No. 483. The Fourth Circuit issued a Mandate on September 19, 2014 making their decision effective as of this date. ECF No. 494.

On November 24, 2014, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582 ("§3582 Motion"). ECF No. 523. On August 28, 2015, the Court denied Petitioner's § 3582 Motion. ECF No. 557.

On September 14, 2015, Petitioner, acting *pro se*, filed the instant § 2255 Petition. ECF No. 559. On February 19, 2016, the Government filed its Response. ECF No. 564. On March 9, 2016, Petitioner filed a Reply. ECF No. 565. Petitioner filed additional exhibits on April 8, 2016. ECF No. 566.

In his § 2255 Petition, Petitioner alleges that he received constitutionally ineffective assistance of counsel because his attorney failed to (1) object to a sentence enhancement for possession of a firearm although his state firearm charge was dismissed and (2) advise him that he may not receive credit for an undischarged term of imprisonment. Mem. in Supp. of Mot. to Vacate 10-12, ECF No. 560.

In response, the Government argues that Petitioner has failed to show that his counsel's representation fell below the objective standard of reasonableness as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) because Defense counsel raised these objections during the sentencing hearing and the Court overruled these objections, and therefore, Petitioner's request for relief should be denied. ECF No. 564.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint).

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Petition and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487(1962)).

### III. DISCUSSION

Petitioner claims ineffective assistance of counsel in violation of the Sixth Amendment. The standard for a claim of ineffectiveness of counsel relies on "whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must meet a two-part test: (1) the petitioner must show counsel's conduct was deficient as a violation of the Sixth Amendment, and (2) the petitioner must prove he was prejudiced as a result of counsel's defective conduct. *Id.* at 687.

Attorney performance is held to a standard of reasonable effectiveness under the prevailing norms of the legal community. *Id.* at 688. In order to demonstrate deficient performance, Petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. It is presumed that counsel's conduct falls within a wide range of reasonable assistance, and Petitioner bears the burden of proving otherwise. *Id.* at 689.

To demonstrate prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* However, if a defendant challenges a

conviction entered after a guilty plea, under the prejudice prong of the test a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### A. Firearm Enhancement

Petitioner claims that counsel failed to object to a sentence enhancement for possession of a firearm although his state firearm charge was dismissed. However, review of the transcript from the sentencing hearing indicates defense counsel did raise an objection to a firearm enhancement, and the Court overruled this objection after hearing arguments from the Defendant and the Government on the issue. Sentencing Tr. 55:8-58:12, ECF No. 436. Therefore, Petitioner fails to meet his burden of showing that counsel acted unreasonably and failed to raise an objection to a firearm enhancement.

### B. Undischarged Term of Imprisonment

Petitioner alleges that counsel failed to inform him that he may not receive credit for an alleged undischarged term of imprisonment. Petitioner claims had he known this information he would have either proceeded to trial or requested that counsel negotiate for a more reasonable plea offer with a more lenient sentence than the one he received.

Review of the transcript indicates that Defendant was advised of the sentencing range at the guilty plea hearing. The following excerpts from the guilty plea hearing transcript demonstrate Defendant was advised of the sentencing range numerous times throughout the guilty plea hearing.

> THE COURT: Do you understand the penalty range is ten to life?
> THE DEFENDANT: Yes, sir.
> Guilty Plea Hr'g Tr. 5:19-21 Oct. 4, 2013, ECF No. 411.

5

THE COURT: When we return in January, the Court will attempt to impose a sentence that's sufficient but not greater than necessary. So while it says ten to life, that doesn't mean you are going to get life. The Court has to decide where in that range is a proper sentence. We know that the minimum is ten years. The Court can't get below that, but somewhere in that range the Court has to decide what sentence is sufficient but not greater than necessary.
Guilty Plea Hr'g Tr. 11:7-15.

THE COURT: But, in any event, the range is still going to be somewhere between ten and life. Where you are going to fall, I don't know. If they are, in fact, correct, it may be just what they said. But then it may not if there's an error there. Do you understand?
THE DEFENDANT: Yes.
Guilty Plea Hr'g Tr. 14:20-25.

Additionally, Petitioner stated he was satisfied with the advice of counsel and understood the terms of the plea agreement, which did not mention any agreement for Petitioner to receive credit for an alleged undischarged term of imprisonment. Petitioner also indicated that he reviewed each term of the agreement with counsel and there were no additional terms other than what was written in the agreement.

THE COURT: Have you had an opportunity to confer with Mr. Harmon about this plea?
THE DEFENDANT: Yes, sir.
THE COURT: Mr. Wilson, are you satisfied with the advice and counsel you are receiving?
THE DEFENDANT: I believe so, yes, sir.
Guilty Plea Hr'g Tr. 3:20-25.

THE COURT: Are these your initials on each page of this agreement?
THE DEFENDANT: Yes, sir.
THE COURT: Now, before you signed it, did you read every paragraph of it?
THE DEFENDANT: Yes, I read every paragraph.
THE COURT: Did you discuss it with Mr. Harmon?
THE DEFENDANT: Yes, I did.
Guilty Plea Hr'g Tr. 7:9-16.

THE COURT: One other thing, Mr. Wilson. Has anyone made you any other plea offer other than the plea agreement that's been offered in this case? In other words, the Court is trying to determine whether there are any other parts of the agreement other than what's in writing?
THE DEFENDANT: No, sir.
Guilty Plea Hr'g Tr. 8:6-12.

6

Further, defense counsel did in fact raise this objection during the sentencing hearing, and the Court overruled this objection. Sentencing Tr. 62:8-64:25 Feb. 26, 2014, ECF No. 436. The Court found the term of imprisonment at issue to be a discharged term. Sentencing Tr. 69:3-6 ("But the Court is persuaded that this Defendant does not have an undischarged term of imprisonment. He has served his time, he's been released from custody, so he is -- so that period of time is discharged."). The Court recognized that it may take the time served related to the case into consideration during review of the sentencing factors in 18 U.S.C. § 3553. Sentencing Tr. 87:17-88:7. However, the Court determined that a downward departure was not warranted in this case given Petitioner's criminal history and the facts of the case. Sentencing Tr. 87:24-88:9.

Petitioner was aware of the sentencing range and receiving credit for time served was not a term of the plea agreement. Petitioner fails to meet his burden of showing that counsel acted unreasonably and failed to advise him that he may not receive credit for an alleged undischarged term of imprisonment. Counsel properly raised objections to the issues Petitioner now raises, and the Court overruled them. Therefore, Petitioner has failed to show that his counsel's representation fell below the objective standard of reasonableness as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and record that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 10, 2016

/s/
Raymond A. Jackson
United States District Judge